IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUAN ANGEL ZELAYA ARIAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1892 (LMB/WBP) |
| ) | |
| TODD M. LYONS, et al., ) | |
| ) | |
| Respondents. ) | |

ORDER

Petitioner Juan Angel Zelaya Arias ("Arias"), a native and citizen of Honduras, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since September 7, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his statutory right to a bond determination hearing pursuant to 8 U.S.C. § 1226(a) (Count I); his due process rights (Count II); and the Administrative Procedure Act (Count III).

Arias is currently detained at the Caroline Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline Detention Center. Arias has also sued Kristi Noem, the DHS Secretary; Todd M. Lyons, the Acting Director of ICE; Joseph Simon, ICE Washington Field Office's Enforcement and Removal Operations Director; and Pamela Bondi, the Attorney General (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Arias is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count II,

and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Arias fled Honduras in 2005 "due to persecution he faced on a protected ground." [Dkt. No. 1] at ¶ 13. He entered the United States without inspection in 2005, settled in Newport News, Virginia, and "built a stable life working tirelessly in construction and home remodeling." Id. ¶¶ 14–15. Arias's four children live in the United States, "and for the past 20 years he has built a business and earned a reputation of being a hardworking and responsible individual." Id. ¶ 15. Before June 2025, Arias's "only encounters with law enforcement involved minor traffic violations"; however, that month, Arias was arrested for driving under the influence and for possession of drug paraphernalia. Id. ¶ 16. For driving under the influence, he was sentenced to 180 days, with 175 days suspended. Id. For possession of drug paraphernalia, he was sentenced to 90 days, with 90 days suspended. Id.

On September 7, 2025, at the Newport News City Jail, Arias was taken into custody by ICE officials, who issued Arias a Notice to Appear, which charged him with being present in the United States without being admitted or paroled pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Id. ¶ 17; [Dkt. No. 1-2]; [Dkt. No. 5-1] at ¶ 6. On October 14, 2025, Arias "filed an application for asylum, INA withholding of removal, and withholding of removal under the U.N. Convention Against Torture." [Dkt. No. 1] at ¶ 18. The immigration court has set a final merits hearing for December 4, 2025, on Arias's application for relief from removal. [Dkt. No. 5-1] at ¶ 10.

Arias filed his Petition for Writ of Habeas Corpus on October 29, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that Arias not "be removed or transferred

---

[1] Because the Court is granting relief on due process grounds, it need not address Arias's statutory claim for relief under 8 U.S.C. § 1226(a) or the Administrative Procedure Act.

2

from this district for any reason without this Court's permission." [Dkt. No. 2]. On November 4, 2025, Arias filed a Proposed Release Plan, which shows a fixed home address in Virginia Beach, Virginia, where he will reside if released. [Dkt. No. 4] at 1. His Proposed Release Plan also includes several letters from Arias's co-workers and friends, all of whom state that Arias is a kind, hard-working, honest, trustworthy, and respectful person. [Dkt. No. 4]. The federal respondents have filed an opposition. [Dkt. No. 5]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Arias's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that Arias's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 5] at 7. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 7–10. Therefore, they argue that because Arias has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 11.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as multiple district courts throughout the country have found,[2] is contrary to

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y.

3

DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va.

---

Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

4

Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); see also Chaudhari v. Crawford, et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Arias has been present in the United States since 2005. [Dkt. No. 1] at ¶ 13. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Arias's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Arias's continued detention is unlawful.

### III.

For all the reasons stated above, Arias's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Arias be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Arias must live at the fixed address

identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Arias with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Arias on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Arias is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Arias has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Arias's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for November 7, 2025, and close this civil action.

Entered this 4th day of November, 2025.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.